**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:16-cv-80674-MIDDLEBROOKS**

MICHAEL DENSON,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the Report and Recommendation ("Report") (DE 6) issued by Magistrate Judge Patrick A. White on May 2, 2016.

Movant filed a *pro-se* motion to vacate pursuant to 28 U.S.C. § 2255 ("Motion"). Movant's motion is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court found that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. As Movant has already filed a § 2255 motion, the Report recommends that (1) this case be directly transferred to the Eleventh Circuit pursuant to 28 U.S.C. § 1631 so that Movant may proceed with his request for authorization to file a successive motion to vacate; (2) no certificate of appealability should be issued; (3) Movant be provided with a form to seek authorization from the Court of Appeals to file a second or successive § 2255 motion; and (4) this case be stayed and administratively closed. No objections to the Report have been filed.

Upon a careful, *de novo* review of the record, the Court agrees with the Report's recommendations. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

(1) The Report and Recommendation (DE 6) is **ADOPTED**.

(2) This case should be **DIRECTLY TRANSFERRED** to the Eleventh Circuit pursuant

to 28 U.S.C. § 1631 so that Movant may proceed with his request for authorization to file a second or successive motion to vacate.

(3) A Certificate of Appealability is **DENIED.**

(4) Movant may separately seek authorization to file a second or successive petition from the Eleventh Circuit by completing the attached form (as well as following its instructions) and submitting it to the Eleventh Circuit.

(5) The Clerk of Court shall **STAY** this case and **ADMINISTRATIVELY CLOSE** this case. Movant must file a notice with the Court within 30 days of receiving any authorization from the Eleventh Circuit to file a successive § 2255 Motion.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 20th day of May, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:  Counsel of Record;
Michael Denson, *pro se*
75622-004
Manchester
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 4000
Manchester, KY 40962

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80822-CIV-MIDDLEBROOKS/WHITE
(06-80094-CR-MIDDLEBROOKS)



FILED by _____ D.C.

JAN 0 4 2016

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – W.P.B.

MICHAEL DENSON,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

### PETITIONER'S MOTION TO REOPEN PURSUANT TO RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

COMES Movant, MICHAEL DENSON ("Denson"), appearing *pro se,* and in support of this motion would show as follows:

## I. PRELIMINARY STATEMENT

A s a preliminary matter, it is respectfully requested that this Court be mindful that "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998); *Green v. Nelson,* 595 F.3d 1245 (11th Cir. 2010)(same); *Estelle v. Gamble,* 429 U.S. 97 (1976) (same); and *Haines v. Kerner,* 404 U.S. 5 19 (1972) (same).

## II. JURISDICTION

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . ;" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion

under Rule 60(b)(2) or (3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

A motion under Rule 60(b)(6) must be made within a reasonable time. *Id.* However, Rule 60(b)(6) is only an appropriate basis for granting relief if the motion does not fall within any of the other categories listed in Rule 60(b)(1) through (5). *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd. Semmes, Mobile Cnty., Ala.*, 920 F.2d 788, 791 (11th Cir. 1991).

### III. GROUND FOR REVIEW

Whether, in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), Denson's career offender enhancement is null and void and he should be resentenced without the career offender enhancement.

### IV. RELEVANT BACKGROUND

On June 16, 2014, Denson filed his Motion under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See CvDoc. 1.[1]

On April 17, 2015, the magistrate Court issued the Report of Magistrate Judge recommending that Denson's § 2255(f)(3) Motion be denied. See CvDoc. 17.

On August 14, 2015, the Court issued an Order Adopting Report and Recommendation and denying Denson's § 2255(f)(3) Motion and any subsequent motion for a Certificate of Appealability. See CvDoc. 20.

On August 20, 2015, Denson filed a Movant's Citation of Additional Authorities and Objections to Magistrate Report, which is still pending. See CvDoc. 22.

---

[1]

"CvDoc." refers to the Docket Report in the United States District Court for the Southern District of Florida, in Civil No. 14-80822-CIV-MIDDLEBROOKS/WHITE. "PSR" refers to the Presentence Report in this case, which is immediately followed by the paragraph ("¶") number.

## V. DISCUSSION

A defendant is subject to an enhanced sentence under the United States Sentencing Guidelines ("USSG") if he is a "career offender." See USSG § 4B1.1. The Guidelines classify a defendant as a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense; (2) the instant offense is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a controlled substance offense or a crime of violence. See USSG § 4B1.2(a); *United States v. Haynes*, 764 F.3d 1304 (11th Cir. 2014). When a defendant satisfies all three criteria, the guidelines automatically assign the defendant to a criminal history category VI and establish a base offense level based upon the maximum statutory punishment allowed for the instant conviction. See USSG § 4B1.1(b).

Under USSG § 4B1.2(a), a defendant's previous felony conviction may qualify as a crime of violence in one of three ways: (1) the conviction is one of the crimes specifically enumerated in Application Note 1 to USSG § 4B1.2; (2)[2] the crime has as an element the use, attempted use, or threatened use of physical force against another; or (3) the crime involved conduct posing a serious potential risk of physical injury to another person. When a defendant satisfies all three criteria, the guidelines automatically assign the defendant to a criminal history category VI and establish a base offense level based upon the maximum statutory punishment allowed for the instant conviction. See USSG § 4B1.1(b); *Haynes*, 764 F.3d at 1308. These three definitional approaches are referred to as the "enumerated-offense," "elements" and "residual" clauses of USSG § 4B1.2(a), respectively. *Id.*

---

[2]

These enumerated offenses include murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses. robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. USSG § 4B1.2 cmt. n.1.

3

To determine whether a defendant's previous felony conviction qualifies as a violent one under any of these clauses, courts start by using a "categorical approach." The first step in determining whether a conviction qualifies as a crime of violence under is to analyze the statute of conviction under the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). See, e.g., *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010). Under this approach, the Court "look[s] no further than the statute and judgment of conviction," [*Id.* at 1336], and "compare only the elements of the statute forming the basis of the defendant's conviction" and the generic definition of a crime of violence. See *United States v. Howard*, 742 F.3d 1334, 1345 (11th Cir. 2014). This analysis permits application of the USSG crime of violence enhancement only if the statute on its face "requires the government to establish, beyond a reasonable doubt and without exception," an element involving the use, attempted use, or threatened use of physical force against a person for every charge brought under the statute. *Donawa v. U.S. Attorney Gen.*, 735 F.3d 1275, 1281 (11th Cir.2013); see also, *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (holding that conviction under a California burglary statute did not qualify as a predicate offense under the Armed Career Criminal Act ("ACCA") because the State, to get a conviction, "need not prove" an element of the generic federal offense).

Under the ACCA, the specifically enumerated offenses that constitute a "violent felony" are burglary, arson, extortion, and a crime that involves use of explosives. § 924(e)(2)(B)(ii). Robbery is not a specifically enumerated violent felony. As such, robbery cannot be a "violent felony" under the residual clause since the Supreme Court has recently held that the ACCA's residual clause, contained in 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. See *Johnson v. United States*, 135 S. Ct. 2551 (2015). Pursuant to *Johnson*, then, "[t]he residual clause is unconstitutionally vague

4

and cannot be applied to define a violent felony under the ACCA." *United States v. Braun*, -- F.3d

--, 2015 WL 5201729, at *2 (11ᵗʰ Cir. Sept. 8, 2015).

In this case, the PSR identified the qualifying controlled substance offense as a 1997

conviction for sale of cocaine and possession of cocaine with intent to sell, in violation of Florida

Statute, Sections 893.13(1)(a) and 893.13(1)1, Docket Number 96-7574CFA02. See PSR ¶ 23. The

PSR identified two robberies both of which were in violation of Florida Statute, Sections 812.13 and

775.087, Docket Number 96-8727CFA02 and Docket Number 96-8956CFA02, as the qualifying

crime of violence. *Id.* Using the career offender Guideline, the probation officer determined that the

defendant's offense level was 34, and his criminal history category VI. *Id.* After a three (3) level

reduction for acceptance of responsibility, the Denson's Total Offense Level was 31, which resulted

in a Guideline range of 188 – 235 months imprisonment. See PSR ¶¶ 24, 85.

Courts have recently held that because the residual clause in the career-offender Guideline is

materially identical to the residual clause in the ACCA *Johnson* also applies to the career offender

Guideline. It is essential to note that the Sentencing Commission has recently published for comment

a proposed amendment deleting the residual clause of the career-offender guideline in light of

*Johnson*. See *United States v. Castro-Vazquez,* (No. 13-1508)(1st Cir. September 4, 2015) *United

States v. Darden,* (No. 14-5537) (6ᵗʰ Cir. July 6, 2015) (unpublished);*United States v. Harbin,* (No.

14-3956) (6ᵗʰ Cir. July 20, 2015)(unpublished); *United States v. Taylor,* (No. 14-2635 )(8ᵗʰ Cir.

October 9, 2015); *United States v. Benavides,* (No. 14-10512) (9th Cir. September 23, 2015)

(unpublished).

Whether *Johnson* is retroactive is the issue on which lower courts have divided. As of this

writing, six circuits (the First, Second, Fourth, Seventh, Eighth, and Ninth) have held that *Johnson*

is retroactive, with the First, and Seventh providing detailed opinions explaining that, in their view, it's sufficiently clear from existing Supreme Court precedent that *Johnson's* rule is substantive, and is therefore an example of Justice O'Connor's "Case Two." Three circuits (the Fifth, Tenth, and Eleventh--over a dissent) have held to the contrary--reading Justice O'Connor's concurrence to require some explicit recognition by the Court that a new rule is "of that particular type," i.e., substantive for purposes of retroactive enforcement.

It is essential to note that "robbery" is listed as an example of a "crime of violence" in the Guidelines. See USSG § 4B1.2, Application Note 1. See *United States v. Ramirez*, 708 F.3d 295, 302 n.8 (1st Cir. 2013) (noting that we apply the categorical approach to determining whether a prior conviction falls within a generic definition of an enumerated offense, including those listed in application notes (citing *United States v. Walker*, 595 F.3d 441, 445-46 (2nd Cir. 2010) ("robbery" in Section 4B1.2, Application Note 1))).

The Eleventh Circuit recently held *In re Rivero*, (No. 15-13089-C) (11th Cir. August 12, 2015), that Rivero's application for leave to file a second or successive motion to vacate, set aside, or correct a federal sentence required the Court to decide whether the decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), established "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). Rivero was sentenced as a career offender under what were mandatory Guidelines at the time, and his judgment of conviction and sentence was upheld on direct appeal and collateral review. *Id.* § 2255. Rivero applied for leave to file a second or successive motion under § 2255. The Court held that *Johnson* did not establish a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, and denied Rivero's application. There was also a dissenting decision

6

in *Rivero*. In her dissenting opinion, Justice Pryor stated that *Johnson* announced a new substantive rule of constitutional law that the Court has made retroactive to cases on collateral review. In no uncertain terms, the Supreme Court has said that "decisions that narrow the scope of a criminal statute by interpreting its terms . . . apply retroactively . . . ." *Schriro v. Summerlin*, 542 U.S. 348, 351-51. The majority concedes that *Johnson* is that very type of narrowing decision. So does the government, which does not contest *Johnson's* retroactivity. See *In re Rivero* at 14.

On September 14, 2015, the Court issued an Order on its own motion to rehear *In re Rivero* by the full en banc Court. The Court requested supplemental briefing on the questions of:

(1)     Whether the decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2);

(2)     Whether a petitioner sentenced as a career offender under the United States Sentencing Guidelines can rely on *Johnson* in support of an application to file a second or successive section 2255 motion. See § 2255(h)(2); USSG § 4B1.2(a)(2); and

(3)     Any other issue that counsel deems appropriate in light of the facts and procedural posture of the case.

On October 16, 2015, the United States submitted a court-ordered response to a petition for initial hearing en banc in *In re Jackson*, (No. 15-8098) (10th Cir. November 6, 2015). In its response, the government agreed with the petitioner that *In re Giesweins*, __ F.3d __, 2015 WL 5534388 (10th Cir. Sept. 21, 2015) (denying a successive Johnson application in an ACCA case) was "wrongly decided and should be overruled" by the full Court (at 5). The government has similarly urged this Court to convene en banc in an ACCA case and hold that the Supreme Court has "made" *Johnson*

7

retroactive to "cases on collateral review." 28 U.S.C. §2255(h)(2).

In *Price v. United States*, 795 F.3d 731 (7th Cir. 2015), the Seventh Circuit correctly held that the Supreme Court has "made" Johnson retroactive. Although Price was an ACCA case, the Seventh Circuit has routinely relied on it to grant successive applications in Guidelines cases. See, e.g., Best v. United States, (No. 15–2417)Order (7th Cir. Aug. 5, 2015); *Stork v. United States*, (No. 15–2687) Doc. 2, Order (7th Cir. Aug. 13, 2015). In doing so, the Seventh Circuit has recognized that "*Johnson* announced a new substantive rule of constitutional law made categorically retroactive to cases on collateral review by the Supreme Court." *Stork*, Order at 1 (emphasis added). The Seventh Circuit has also granted authorization notwithstanding its precedent that the Guidelines are not susceptible to a vagueness challenge at all. And it has done so without addressing affirmative defenses. Indeed, it has specifically stated that *Johnson's* application to the Guidelines and procedural default "would be better addressed by the district court after adversarial testing, which we lack the time for given the 30-day deadline for deciding applications." *Swanson v. United States*, (No. 15–2776), Order at 1–2 (7th Cir. Sept. 4, 2015). This Court should follow the Seventh Circuit's approach because both the ACCA and § 4B1.2(a)(2) are susceptible to a vagueness challenge because they "require[] application of the 'serious potential risk' standard to an idealized ordinary case of the crime." *Johnson*, 135 S. Ct. at 2561. Requiring judges to apply a qualitative standard to the "ordinary case" rather than to the particular conduct in which the defendant engaged is the exception, rather than the rule under the Guidelines' real conduct approach.

In *United States v. Matchett*, (No. 15-13089) __ F.3d __, 2015 WL 5515439 at *6 (11th Cir. Sept. 21, 2015), the Court held that held that § 4B1.2(a)(2) is not unconstitutionally vague, reasoning that the vagueness doctrine does not apply to the now-advisory Sentencing Guidelines. That

8

conclusion is inconsistent with Supreme Court decisions on the vagueness doctrine and the Sentencing Guidelines. The *Matchett* decision also upsets the careful balance that the Supreme Court has struck between uniformity and discretion in federal sentencing after *United States v. Booker*, 543 U.S. 220 (2005). Finally, the panel decision *Matchett* failed to appreciate that it faced a unique situation in which a Guideline contains language identical to a federal statute declared void for vagueness by the Supreme Court. Both the narrow basis for that decision, as well as ordinary Commission practice of reviewing and revising the Sentencing Guidelines, ensure that few Guidelines will become susceptible to serious vagueness challenges. It is essential to note that the government has already taken the (correct) position that *Johnson's* constitutional holding applies to §4B1.2(a)(2)'s residual clause. Any reliance on *Matchett*, which is not yet final[3], would have failed because its holding that the Guidelines are not subject to a vagueness challenge is limited to the advisory Guidelines. Denson was sentenced under the mandatory Guidelines prior to *United States v. Booker*, 543 U.S. 220 (2005).

Given the Eleventh Circuit's pending review of *In re Rivero* by the en banc court and *Matchett* if it is granted en banc review, Denson respectfully requests that this Court hold this motion in abeyance until the en banc opinion(s) are released, which would greatly aid this Court in the decisional process.

---

[3] On October 15, 2015, a petition for rehearing en banc was filed. On October 30, 2015, a Brief of Law Professors as Amicus Curiae in Support of Defendant-Appellant was filed by law Professors Carissa Byrne Hessick of S.J. Quinney College of Law, Douglas A. Berman, of Moritz College of Law, Ohio State University, and David Oscar Markus of Markus/Moss PLLC. If the Court rehears *Matchett* en banc, it could conveniently consider the two cases—presenting interrelated *Johnson* issues—at the same time.

## VI. <u>CONCLUSION</u>

For the above and foregoing reasons, Denson prays that his motion be, in all things granted, and that the Court resentence him without the career offender enhancement. In the alternative, Denson respectfully requests that the Court hold this motion in abeyance until the *In re Rivero* en banc opinion is released.

Respectfully submitted,

*Michael Denson*

MICHAEL DENSON
Reg. 75622-004
FCI Manchester
Federal Correctional Institution
P.O. Box 4000
Manchester, KY 40962
Petitioner Appearing *Pro Se*

## III. <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 28, 2015, a true and correct copy of the above and foregoing Petitioner's Motion to Reopen Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure was sent via U. S. Mail, postage prepaid, to Adrienne Rabinowitz, Assistant U. S. Attorney at the United States Attorney's Office, 500 South Australian Avenue, Suite 400, West Palm Beach, FL 33401.

*Michael Denson*

MICHAEL DENSON



U.S. POSTAGE
PAID
MANCHESTER, KY
40962
DEC 28 15
**$0.00**
AMOUNT
R2305K141379-04

1000
33401

<>75622-004<>
Clerk Of Court
701 Clematis ST
Rm#202
WEST PALM BCH, FL 33401
United States

Case: 16-12771 Date Filed: 05/23/2016 Page: 14 of 35

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  14-80822-CV-MIDDLEBROOKS
(06-80094-CR-MIDDLEBROOKS)

16-cv-80674-DMM

MICHAEL DENSON,

          Movant,

v.

UNITED STATES OF AMERICA,

          Respondent.
_____/

## UNITED STATES' RESPONSE IN OPPOSITION TO THE MOTION FILED PURSUANT TO F.R.Civ.P. RULE 60(b)(3) and(4) (DE 95)

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, to respond in opposition to the motion, filed at docket entry 95, pursuant to Rule 60(b)(3) and (4),Federal Rules of Civil Procedure, to vacate and set aside the judgment denying the motion pursuant to Title 28, United States Code, Section 2255, as follows:

1.     On June 15, 2006, a federal grand jury sitting in the Southern District of Florida returned a superseding indictment charging Denson with two counts of distribution of cocaine base (also known as crack cocaine) in violation of Title 28, United States Code, Sections 841(a)(1) and (b)(1)(B) at case number 06-80094-CR-DMM. (CR-DE#15).  On August 2, 2006, Denson entered pleas of guilty to both counts of the indictment pursuant to a plea agreement (CR-DE#24 and 26).  On October 11, 2006, the court imposed judgment as to Denson and sentenced him to a total term of 188

months incarceration as to each count of the indictment to be served concurrently, to be followed by a total term of 5 years of supervised release and additionally imposed a special assessment of $200 (CR-DE#30).

2.      On October 20, 2006, Denson appealed from his sentence. The appeal was dismissed on January 10, 2007 for want of prosecution.

3.      On June 23, 2014, Denson filed an untimely motion pursuant to Title 28, United States Code, Section 2255, seeking the court to vacate, set aside or correct his sentence at case number 14-8022-CV-MIDDLEBROOKS.   On April 17, 2015, after review of the petition and response, the assigned Magistrate Judge issued a report and recommendation that recommended dismissing the motion as time-barred and alternatively denying the motion on the merits (CV-DE#17).   On August 14, 2015, the court entered an order adopting the report and recommendation.

4.      On January 4, 2016, Denson filed a motion pursuant to F.R.Civ.P. 60(b) seeking to reopen his denied petition that had been filed pursuant to Title 28, United States Code, Section 2255.   Denson claims, in his motion to reopen the closed 2255 matter that the case of *Johnson v. United States*, 135 S.Ct. 2551 (2015), should now be applied to him, the sentence imposed vacated and he be re-sentenced to a lower sentence as he is actually innocent of being an Armed Career Criminal.   In the current motion to reconsider the denial of his §2255 petition, Denson is attacking his sentence as an illegal based upon recent developments involving a finding that the Armed Career Criminal Act (ACCA) did not apply to certain sentences as the underlying convictions did not constitute predicate offenses for application of the act. Denson, however was sentenced on the basis of being a career offender as that term is defined by the

2

sentencing guidelines, not on the basis of ACCA. Consequently, the recent developments in refining the application of ACCA do not apply to Denson. Additionally, unlike the issues raised by offenses that no longer are sufficient to support an ACCA finding, Denson's prior convictions consist of unquestioned convictions that are predicate offenses: trafficking drug offenses and two crimes of violence, that were described as two robberies with firearms, and therefore properly resulted in the determination that. pursuant to Sentencing Guidelines §4B1.1(a), Denson is a career criminal.

5. The instant motion should be construed as a successive 28 USC §2255 motion. See: *United States .v Hutchins,* 552 Fed. Appx. 968 (11th Cir. 2014) and the cases cited therein. Also see: *Glover v. United States*, SDFL Case No. 16-80216-CV-ZLOCH, DE #7 at p[age 4, in which Magistrate Judge White succinctly stated: "Further, Rule 60(b) cannot be used to obtain relief in criminal proceedings. *See Smith v. United States,* 433 Fed. Appx. 891, 892 (11th Cir. 2011) (unpublished)." The *Glover* 60(b) motion, like the Hutchins 60(b) motion were seen for what they are: successive motions pursuant to 28 USC §2255 that were filed without first seeking permission of the court of appeals. As a result, this matter ought to be dismissed on the basis that Denson has failed to seek permission from the Court of Appeals to file a second or subsequent petition pursuant to 28 USC §2255.

WHEREFORE, the United States of America respectfully requests the court deny the current motion on the basis that this motion to reopen is a second or subsequent petition pursuant to Title 28, United States Code, Section 2255, and has been filed without first receiving permission from the United States Court of Appeal. Furthermore,

3

the United States requests the court deny a certificate of appealability (COA) on this matter.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    /s/ *Ellen L. Cohen*

ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0739472
500 Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 820-8711; Fax: (561) 659-4526
Ellen.Cohen@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on the 26 day of February, 2016, the undersigned caused a true and correct copy of the above - UNITED STATES' RESPONSE IN OPPOSITION TO THE MOTION FILED PURSUANT TO F.R.Civ.P. RULE 60(b) - to be filed and has caused a copy to be sent as follows:

Michael Denson
Reg. 75622-004
FCI Manchester
Federal Correction Institution
PO Box 4000
Manchester, KY 40962

/s/ *Ellen L. Cohen*

ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80822-CIV-MIDDLEBROOKS/WHITE
(06-80094-CR-MIDDLEBROOKS)

FILED BY _____ D.C.

APR 1 1 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

MICHAEL DENSON,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## PETITIONER'S REPLY TO UNITED STATES' RESPONSE IN OPPOSITION TO THE MOTION FILED PURSUANT TO F.R.CIV.P. RULE 60(b)(3) and(4) (DE 95)

COMES Petitioner, MICHAEL DENSON ("Denson"), appearing *pro se*, and replies to the United States' Response in Opposition to the Motion Filed Pursuant to F.R.Civ.P. Rule 60(b)(3) and(4) (DE 95) ("GR") as follows:

### I. PRELIMINARY STATEMENT

A s a preliminary matter, it is respectfully requested that this Court be mindful that "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Green v. Nelson*, 595 F.3d 1245 (11th Cir. 2010)(same); *Estelle v. Gamble*, 429 U.S. 97 (1976) (same); and *Haines v. Kerner*, 404 U.S. 5 19 (1972) (same).

### II. REPLY TO GOVERNMENT'S OPPOSITION

The GR is divided into five (5) main points. See CvDoc. 27.[1]

---

[1]

"CvDoc." refers to the Docket Report in the United States District Court for the Southern District of Florida, in Civil No. 9:14-cv-80822-DMM, which is immediately followed by the Docket Entry Number.

A.      Points One Through Three

These sections of the GR accurately recite the procedural background in the District Court,

in the appellate court, and in his recent post conviction Motion to Vacate pursuant to 28 U.S.C. §

2255. *Id.* at 1-2. Denson does not take exception to these points.

B.      Point Four

In Point four of the GR, the government raises the instant matter.  See CvDoc. 27 at 2-3.

Specifically, Denson's Rule 60(b) Motion to Reopen. The gist of the government's argument in

opposition is the fact that Denson's *Johnson v. United States,* 135 S.Ct. 2551 (2015) claim applies

to Armed Career Criminals ("ACCA"), not to career offenders. *Id.* at 2-3. "Consequently, the recent

developments in refining the application of ACCA do not apply to Denson." Because Denson was

sentenced as a career offender and not as an ACCA offender, the government claims that Denson is

not entitled to the relief requested.

In *United States v. Matchett,* 802 F.3d 1185 (11th Cir. 2015), the Court rejected the argument

that "the definition of 'crime of violence' in the Sentencing Guidelines is unconstitutionally vague in

the light of *Johnson v. United States,* 135 S.Ct. 2551 (2015). The vagueness doctrine applies only

to laws that prohibit conduct and fix punishments, not advisory guidelines." *United States v.*

*Matchett,* 802 F.3d 1185 (11th Cir. 2015). As such, Denson recognizes that current precedent law in

this circuit forecloses his claim that he was illegally sentenced as a career offender. However, pending

before the United States Supreme Court is *Welch v. United States,* (No. 15-6418). The questions

presented are:  Whether the district court erred when it denied relief on petitioner's section 2255

motion to vacate, which alleged that a prior Florida conviction for "sudden snatching" did not qualify

for Armed Career Criminal Act enhancement pursuant to 18 U.S.C. § 924(e); and (2) whether

2

*Johnson v. United States* announced a new substantive rule of constitutional law that applies retroactively to cases that are on collateral review.

Moreover, The Eleventh Circuit recently held *In re Rivero,* (No. 15-13089-C) (11th Cir. August 12, 2015), that Rivero's application for leave to file a second or successive motion to vacate, set aside, or correct a federal sentence required the Court to decide whether the decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), established "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). Rivero was sentenced as a career offender under what were mandatory Guidelines at the time, and his judgment of conviction and sentence was upheld on direct appeal and collateral review. *Id.* § 2255. Rivero applied for leave to file a second or successive motion under § 2255. The Court held that *Johnson* did not establish a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, and denied Rivero's application. There was also a dissenting decision in *Rivero.* In her dissenting opinion, Justice Pryor stated that *Johnson* announced a new substantive rule of constitutional law that the Court has made retroactive to cases on collateral review. In no uncertain terms, the Supreme Court has said that "decisions that narrow the scope of a criminal statute by interpreting its terms . . . apply retroactively . . . ." *Schriro v. Summerlin*, 542 U.S. 348, 351-51. The majority concedes that *Johnson* is that very type of narrowing decision. So does the government, which does not contest *Johnson's* retroactivity. See *In re Rivero* at 14.

On September 14, 2015, the Court issued an Order on its own motion to rehear *In re Rivero* by the full en banc Court. The Court requested supplemental briefing on the questions of:

(1)    Whether the decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is "a new rule of constitutional law, made retroactive to cases on collateral review by

3

the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2);

(2)     Whether a petitioner sentenced as a career offender under the United States

Sentencing Guidelines can rely on *Johnson* in support of an application to file a second or successive

section 2255 motion. See § 2255(h)(2); USSG § 4B1.2(a)(2); and

(3)     Any other issue that counsel deems appropriate in light of the facts and procedural

posture of the case.

Accordingly, Denson respectfully requests that this Court hold this case in obeyance until

*Welch* and *In re Reviro* are decided.

C.     Point Five

In Point Five of the GR, the government states that Denson's Rule 60(b) Motion should be

construed as a successive 28 U.S.C. § 2255 Motion. See CvDoc. 27 at 3.

Contrary to the government's opinion, Denson's motion does not meet the criteria for a

successive habeas petition, and he is not asking this Court to consider whether it does. His Rule 60(b)

motion does in fact and in law meet the criteria for a Rule 60(b) motion in a federal habeas

proceeding and it should not be construed as a successive habeas petition. Rule 60(b) motion in these

circumstances is proper only if the District Court's judgment is based on procedural grounds, such

as a failure to exhaust, a procedural default, or a statute of limitations bar, and not on the merits. See

*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005),which recognized that a Rule 60(b) motion is proper

in a federal habeas case not only where the district court's judgment was based on procedural

grounds, but also where "a Rule 60(b) motion attacks, not the substance of the federal court's

resolution of a claim on the merits, but some defect in the integrity of the federal habeas

proceedings." *Gonzalez,* 545 U.S. at 532. The defect in the integrity of the federal habeas proceeding

in this case is the fact that the Court failed to rule on the merits of Denson's *Johnson* claim. As such, the Court may rule on Denson's Rule 60(b) Motion.

## VI. CONCLUSION

For the above and foregoing reasons, Denson prays that the Court resentence him without the career offender enhancement. In the alternative, Denson respectfully requests that the Court hold this motion in abeyance until *Welch* and the *In re Rivero* en banc opinion are decided.

Respectfully submitted,

MICHAEL DENSON
Reg. 75622-004
FCI Manchester
Federal Correctional Institution
P.O. Box 4000
Manchester, KY 40962
Petitioner Appearing *Pro Se*

## III. CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2016, a true and correct copy of the above and foregoing Petitioner's Reply to United States' Response in Opposition to the Motion Filed Pursuant to F.R.Civ.P. Rule 60(b)(3) and(4) (DE 95) was sent via U. S. Mail, postage prepaid, to Adrienne Rabinowitz, Assistant U. S. Attorney to the United States Attorney's Office, 500 South Australian Avenue, Suite 400, West Palm Beach, FL 33401.

MICHAEL DENSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:14-80822-CV-MIDDLEBROOKS

MICHAEL DENSON,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

_____/

### ORDER OF REFERENCE TO MAGISTRATE JUDGE PATRICK A. WHITE

Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, it is hereby

**ORDERED AND ADJUDGED** that this *pro se* Motion to Reopen Case (DE 23) should be docketed as a new case and **REFERRED** to United States Magistrate Judge Patrick A. White for a ruling on all pre-trial, non-dispositive matters and a Report and Recommendation on any dispositive matter.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 27 day of April, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:  The Honorable Patrick A. White;
                Counsel of Record;
                Michael Denson, *pro se*
                75622-004
                Manchester
                Federal Correctional Institution
                Inmate Mail/Parcels
                Post Office Box 4000
                Manchester, KY 40962

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-80674-MIDDLEBROOKS
    (06-CR-80094-MIDDLEBROOKS)
MAGISTRATE JUDGE P. A. WHITE

MICHAEL DENSON,                  :

         Movant,                 :         REPORT RE TRANSFER IN
                                           THE INTEREST OF JUSTICE
v.                               :

UNITED STATES OF AMERICA,        :

         Respondent.             :
_____

## I. Introduction

The Movant, a federal prisoner, filed a *pro se* "Motion to
Reopen Pursuant to Rule 60(b) of the Federal Rules of Civil
Procedure" in case number 14-CV-80822-MIDDLEBROOKS, in which he
previously attacked his sentence in case number 06-CR-80094-
MIDDLEBROOKS pursuant to 28 U.S.C. § 2255. (14-80822 DE# 23). On
April 28, 2016, the Court referred the matter to the undersigned
for consideration and report pursuant to United States Code Title
28, Section 636(b)(1)(B) and the Rules Governing Section 2255 Cases
in the United States District Courts. (14-80822 DE# 29). The Clerk
of Court opened the instant civil as and correctly docketed the
Rule 60(b) motion as a motion to vacate under 28 U.S.C. § 2255.
(Cv-DE# 1). The Movant presently attacks his sentence following a
guilty plea in case number 06-CR-80094-MIDDLEBROOKS, pursuant to
Johnson v. United States, 135 S.Ct. 2551 (2015).


The undersigned recommends that this cause be transferred to
the Eleventh Circuit Court of Appeals in the interest of justice.


## II. Claims

Construing the *pro se* pleading liberally, Haines v. Kerner,

404 U.S. 519 (1972), the Movant appears to raise the following claim in his Section 2255 motion:

> 1.  The Movant's career offender enhancement is null and void pursuant to <u>Johnson</u> and therefore he should be resentenced or his case held in abeyance until the *en banc* opinion for <u>In re Rivero</u> is issued.

### III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. The Movant was charged with two counts of distribution of at least five grams of cocaine base. (Cr-DE# 15). He pled guilty to both counts pursuant to a written plea agreement. (Cr-DE# 24). The Court accepted the plea and sentenced him to 188 months' imprisonment followed by five years of supervised release. (Cr-DE# 30). His appeal was dismissed on January 3, 2007, for lack of prosecution (Cr-DE# 33).

The Movant filed his first Section 2255 motion to vacate on June 16, 2014, which was opened in case number 14-CV-80822-MIDDLEBROOKS. The Court denied Section 2255 relief as time-barred and, alternatively, on the merits on August 14, 2015. (14-80822 DE# 20).

The Movant filed the instant "Rule 60(b)" motion on December 28, 2015, in his prior Section 2255 case, seeking to reopen the proceedings to present a <u>Johnson</u> claim. (14-80822 DE# 23). The Government filed a response on February 26, 2016, arguing that this is actually a second or successive Section 2255 motion to vacate that has not been approved by the Eleventh Circuit Court of Appeals. (14-80822 DE# 27). The Movant filed a reply. (14-80822 DE# 28).

IV. Discussion

Post-conviction relief is available to a federal prisoner under Section 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A federal prisoner who already filed a Section 2255 motion and received review of that motion is required to move the court of appeals for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct sentence. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

If a movant files a second or successive habeas petition without first seeking permission from the appellate court, however, the District Court is without jurisdiction to entertain it. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

The Movant previously filed a Section 2255 motion to vacate that was denied on the merits, case number 14-CV-80822-

3

MIDDLEBROOKS. He then filed the instant motion to vacate without first seeking authorization from the Eleventh Circuit Court of Appeals. The instant motion is an unauthorized second or second Section 2255 motion and, therefore, this Court lacks jurisdiction until such time as the Eleventh Circuit grants the Movant leave under Section 2244(b)(3)(A). See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).

In this case, the Movant seeks relief pursuant to Johnson, in which the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S.Ct. at 2563. In other words, Johnson "narrowed the class of people who are eligible for" an increased sentence under the Armed Career Criminal Act. In re Rivero, 797 F.3d 986 (11th Cir. Aug. 12, 2015)(citing Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1278 (11th Cir. 2013)).

On **April 18, 2016,** the **Supreme Court** made Johnson retroactively applicable to cases on collateral review. see Welch v. United States, 136 S.Ct. 1257 (2016). The Eleventh Circuit has recognized that its decision in In Re Franks, 815 F.3d 1281 (11th Cir. 2016), that held Johnson could not serve as a basis for a second or successive Section 2255 motion, is "no longer good law," in light of Welch. See In Re Robinson,2016 WL 1583616 (11th Cir. Apr. 19, 2016). The Court indicated in its concurrence that petitioners in the Movant's situation who are seeking to file a second or successive Section 2255 motion, may only have until **June 26, 2016,** to request leave or otherwise refile applications with the Eleventh Circuit seeking permission to file a successive

Section 2255 motion based on <u>Johnson</u>.[1] Although the Supreme Court
in <u>Welch</u> has made <u>Johnson</u> retroactively applicable to cases on
collateral review, the Movant must still seek permission from the
Eleventh Circuit before filing this second motion with this court.
<u>See</u> 28 U.S.C. § 2244(b)(3)(A).

The undersigned usually recommends that unauthorized second or
successive Section 2255 motions be dismissed for lack of
jurisdiction and instructs movants to apply to the Eleventh Circuit
for the authorization required by Section 2244(b)(3)(A).

However, given the time constraints imposed under the AEDPA
and in the interests of justice, a direct transfer of this case to
the Court of Appeals pursuant to 28 U.S.C. § 1631[2] is warranted.
The direct transfer of the case, when viewed not only as a
successive Section 2255 motion to vacate, but as an application
seeking permission to file such a motion, would avoid the
possibility that Movant's request would fail to reach the Eleventh

---

[1] In so noting, the Court cited <u>Dodd v. United States</u>, 545 U.S. 353, 359
(2005), which makes it difficult for applicants filing second or successive §
2255 motions to obtain relief because the Supreme Court rarely announces a new
rule of constitutional law and makes it retroactive within a year. In fact,
<u>Johnson</u> was decided by the Supreme Court in June 2015. The Supreme Court did not
make it retroactive to cases on collateral review until April 2016, almost a year
later. Thus, petitioners have scant time within which to perfect their filings.

[2] Title 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined
> in section 610 of this title or an appeal, including a
> petition for review of administrative action, is noticed
> for or filed with such a court and that court finds that
> there is a want of jurisdiction, the court shall, if it
> is in the interest of justice, transfer such action or
> appeal to any other such court in which the action or
> appeal could have been brought at the time it was filed
> or noticed, and the action or appeal shall proceed as if
> it had been filed in or noticed for the court to which
> it is transferred on the date upon which it was actually
> filed in or noticed for the court from which it is
> transferred.

Circuit in a timely fashion and render his second Section 2255 time-barred. See generally Guenther v. Holt, 173 F.3d 1328 (11th Cir. 1999).

## IV.   Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2255, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2255, Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right as to the Movant's claim. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore, it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

## V.   Conclusion

Based on the foregoing, it is RECOMMENDED that: (1) this case

be directly transferred to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for the Movant to request authorization to file a successive Section 2255 motion to vacate pursuant to 28 U.S.C. § 2244 (b)(3)(A); (2) no certificate of appealability be issued; (3) notwithstanding the foregoing, the Clerk immediately provide the Movant with a form to seek authorization from the Court of Appeals to file a successive Section 2255 motion; and (4) this case be STAYED and ADMINISTRATIVELY CLOSED with instructions to the Movant that he file a notice with the court within thirty days of receipt from the Eleventh Circuit authorizing him to file a successive Section 2255 motion with this court so that the case can be reopened by the Clerk.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 2nd day of May, 2016.

UNITED STATES MAGISTRATE JUDGE

cc:  Michael Denson
     75622-004
     Manchester
     Federal Correctional Institution
     Inmate Mail/Parcels
     Post Office Box 4000
     Manchester, KY 40962
     PRO SE

     United States Attorney's Office

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-80674-MIDDLEBROOKS
        (06-CR-80094-MIDDLEBROOKS)
MAGISTRATE JUDGE P. A. WHITE

MICHAEL DENSON,                    :

        Movant,                    :

v.                                 :          INITIAL ORDER
                                          OF INSTRUCTIONS TO
UNITED STATES OF AMERICA,          :        PRO SE LITIGANT

        Respondent.                :

_____

At the outset of a *pro se* case, it is essential that the *pro se* litigant understand certain procedural information. It is thereupon

ORDERED AND ADJUDGED as follows:

1.   No letters can be sent to the Clerk of the Court or to any District Judge or Magistrate Judge concerning the case. All letters will be ignored. A *pro se* litigant may file a motion, a memorandum, any pleading allowed by the procedural rules, or any document ordered by the Court, but no letters will receive a response.

2.   A *pro se* litigant and his or her family, friends or acquaintances must not call any Judge's office for any reason. No information about the case can be obtained from the Judge's office. Brief case status information contained on the docket sheet may be available from the Clerk of Court, but no Court employee can provide legal advice to any litigant, *pro se* or otherwise.

3.    A *pro se* litigant must promptly notify the Court in writing of any change of his or her address. This notice must be provided on a paper labeled "Notice of Change of Address" and must include the case number, the litigant's name, and the new address. A copy must be sent to counsel for the opposing side, and the notice shall include a certificate of service that a copy has been sent to counsel for the opposing side. Failure to promptly notify the Court of any change in address may result in dismissal of the case for lack of prosecution.

DONE AND ORDERED at Miami, Florida this 18th day of May, 2016.

___s/Patrick A. White___
UNITED STATES MAGISTRATE JUDGE

cc:  Michael Denson
     75622-004
     Manchester
     Federal Correctional Institution
     Inmate Mail/Parcels
     Post Office Box 4000
     Manchester, KY 40962
     PRO SE

     Ellen L Cohen
     United States Attorney's Office
     500 South Australian Avenue
     Suite 400
     West Palm Beach, FL 33401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:16-cv-80674-MIDDLEBROOKS

MICHAEL DENSON,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the Report and Recommendation ("Report")

(DE 6) issued by Magistrate Judge Patrick A. White on May 2, 2016.

Movant filed a *pro-se* motion to vacate pursuant to 28 U.S.C. § 2255 ("Motion").

Movant's motion is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the

Supreme Court found that the residual clause of the Armed Career Criminal Act is

unconstitutionally vague. As Movant has already filed a § 2255 motion, the Report recommends

that (1) this case be directly transferred to the Eleventh Circuit pursuant to 28 U.S.C. § 1631 so

that Movant may proceed with his request for authorization to file a successive motion to vacate;

(2) no certificate of appealability should be issued; (3) Movant be provided with a form to seek

authorization from the Court of Appeals to file a second or successive § 2255 motion; and (4)

this case be stayed and administratively closed. No objections to the Report have been filed.

Upon a careful, *de novo* review of the record, the Court agrees with the Report's

recommendations. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

(1) The Report and Recommendation (DE 6) is **ADOPTED**.

(2) *This* case should be **DIRECTLY TRANSFERRED** to the Eleventh Circuit pursuant

to 28 U.S.C. § 1631 so that Movant may proceed with his request for authorization to file a second or successive motion to vacate.

(3) A Certificate of Appealability is **DENIED.**

(4) Movant may separately seek authorization to file a second or successive petition from the Eleventh Circuit by completing the attached form (as well as following its instructions) and submitting it to the Eleventh Circuit.

(5) The Clerk of Court shall **STAY** this case and **ADMINISTRATIVELY CLOSE** this case. Movant must file a notice with the Court within 30 days of receiving any authorization from the Eleventh Circuit to file a successive § 2255 Motion.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 20th day of May, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record;
             Michael Denson, *pro se*
             75622-004
             Manchester
             Federal Correctional Institution
             Inmate Mail/Parcels
             Post Office Box 4000
             Manchester, KY 40962